# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDREW WATZKE**
        Petitioner,

   v.                                                 Case No. 05-C-0525
                                                          (Criminal Case No. 04-CR-10)

**UNITED STATES OF AMERICA**
        Respondent.

## DECISION AND ORDER

Petitioner Andrew Watzke filed a motion under 28 U.S.C. § 2255, alleging that his lawyer provided ineffective assistance by failing to file a notice of appeal. I ordered the government to respond, and it submitted an affidavit from counsel averring that petitioner told her he did not want to appeal. I permitted petitioner to file a reply, which he has done, and the matter is now ready for decision.

### I. FACTS AND BACKGROUND

Petitioner was indicted on eight counts of bank robbery. He pleaded guilty to all eight counts without a plea agreement. The pre-sentence report ("PSR") calculated his offense level as 32, his criminal history category as IV, and the imprisonment range as 168-210 months under the sentencing guidelines. Prior to sentencing, petitioner entered into an agreement with the government regarding the sentence, pursuant to which the parties were to jointly recommend a sentence of 180 months on the bank robbery charges, the government agreed not to file any additional charges based on petitioner's foiled attempt to escape from custody during the pendency of the case or to seek an upward

departure, petitioner agreed to file no objections to the PSR, and the parties agreed to jointly recommend a sentence of 24 months on petitioner's pending revocation of supervised release matter. I followed the recommendation and, on May 19, 2004, sentenced petitioner to 180 months on each count to run concurrently, followed by three years of supervised release.[1] I further ordered petitioner to pay $69,983 in restitution to the banks. Petitioner requested that he be required to pay no more than 20% of his prison wages to satisfy his financial obligations. I recommended that the Bureau of Prisons ("BOP") set petitioner's payments under the Inmate Financial Responsibility Program at that level while in prison, and ordered that he make payments of not less than $150 per month after release from imprisonment to supervised release.

Petitioner filed no appeal. In his § 2255 motion he alleges: "Counsel was ineffective for failing to file a notice of appeal at petitioner's request." (R. 1 at 5.) He provides no supporting facts in the motion, but rather refers the court to his memorandum of law. In the memorandum, petitioner states: "In the instant case, petitioner's counsel was ineffective for not filing a notice of appeal at petitioner's request." (R. 2 at 3.) He then cites various cases holding that failure to file an appeal on request constitutes a per se violation of the defendant's Sixth Amendment rights. (R. 2 at 3-4.) He states that it is undisputable from the record that he did not waive his right to appeal, and that counsel did not satisfy the requirements of Anders v. California, 386 U.S. 738 (1967) in concluding that he had no non-frivolous issues for appeal. (R. 2 at 4-5.) He therefore asserts that "an evidentiary

---

[1]Similarly, on May 20, 2004, Judge Randa followed the joint recommendation and sentenced petitioner to 24 months in prison, consecutive, after revoking his supervised release. (Case No. 88-CR-169, R. 61.)

2

hearing is warranted to make a dispositive determination pertaining to counsel's constructive denial of assistance of counsel." (R. 2 at 5.) Petitioner further alleges that the court improperly delegated to the BOP collection of his financial obligations. (R. 1 at 7; R. 2 at 5-6, citing United States v. Pandiello, 184 F.3d 682, 688 (7th Cir. 1999).)

In its response, the government relies on the affidavit of petitioner's trial counsel, in which she states:

> Pursuant to the written agreement, the parties agreed to jointly recommend to the sentencing judge a sentence of 180 months on the bank robberies. On May 19, 2004, Mr. Watzke was sentenced to the recommended 180 months in prison, which was a sentence within the undisputed sentencing guidelines. On May 20, 2004, Mr. Watzke's supervised release was revoked and he was sentenced to 24 months in prison, to run consecutive to the 180 months.
>
> Mr. Watzke and I discussed his right to appeal both sentences. He told me that he did not want to file a notice of appeal. On May 20, 2004, I sent Mr. Watzke a letter which is attached hereto confirming his decision not to file a notice of appeal. Although I had corresponded with Mr. Watzke after May 20, 2004 [regarding United States v. Booker], he at no time instructed me to file a notice of appeal or in any way indicated to me that he had changed his mind on the issue.

(R. 8-2 at 1-2, ¶ 5-6.) In the attached letter dated May 20, 2004, counsel wrote: "You indicated this morning that you did not want me to file a notice of appeal on either case. Given that the cases were resolved through agreement, I concur with your decision. However, if you change your mind, please let me know and I will file the notices." (R. 8-2 at 3.)

On the delegation issue, the government contends that petitioner procedurally defaulted by failing to appeal. Therefore, if the first claim fails, the second does as well.

In his reply, petitioner contends that the government's response is based solely on counsel's affidavit and "a letter purportedly dated 3/20/04 [sic] to bolster the contention that

3

petitioner did not require a notice of appeal to be filed." (R. 11 at 1-2.) He argues that a constructive denial of counsel is presumed to result in prejudice (R. 11 at 2, citing United States v. Kitchen, 227 F.3d 1014, 1020 (7th Cir. 2000)), and that if the record on a § 2255 motion contains an evidentiary conflict the court must holding a hearing; the judge may not automatically believe the lawyer over the prisoner (R. 11 at 2, citing Taylor v. United States, 287 F.3d 658, 660 (7th Cir. 2002)). He further argues that he did not procedurally default the delegation claim because it is based on ineffective assistance of counsel, which may be raised on collateral review. (R. 11 at 3, citing Massaro v. United States, 538 U.S. 500 (2003).) Therefore, he requests that the court hold an evidentiary hearing to make an accurate determination on his claims of ineffective assistance. (R. 11 at 4.)

## II. APPLICABLE LEGAL STANDARDS

### A.  Section 2255 Standard of Review

The Seventh Circuit recently reiterated the standard of review of motions under § 2255:

> A district court may dismiss a § 2255 motion without holding a hearing . . . if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶2. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Rule 4(b) of the Rules Governing Section 2255 Proceedings (2003). "[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). "The district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (quoting Day v. United States, 357 F.2d 907, 910 (7th Cir. 1966)).

4

Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). The Seventh Circuit has long held that a § 2255 petitioner may not obtain a hearing based on vague and conclusory statements. E.g., Bruce v. United States, 256 F.3d 592 (7th Cir. 2001). Rather, the court is required to hold a hearing only if the petitioner presents a detailed and specific affidavit setting forth facts which, if proven, would entitle him to relief. Id.

**B.     Ineffective Assistance in Failing to Appeal**

Ordinarily, a defendant who alleges ineffective assistance of counsel must prove both that counsel performed below an objective standard of reasonableness and that as a result he suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). However, if counsel fails to file a notice of appeal on the specific request of her client, the court will find not only that she performed deficiently but will also presume prejudice because in that instance the defendant has been denied not just the effective assistance of counsel but all assistance of counsel. See, e.g., Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000); Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). This is so regardless of the possible merit of any issues for appeal. Castellanos, 26 F.3d at 719.

However, this rule applies only if the defendant clearly advised his lawyer to appeal. Id. The Supreme Court has rejected a rule that counsel must file an appeal absent an instruction to the contrary, or even that counsel must consult with her client about an appeal in every case. Flores-Ortega, 528 U.S. at 478. Rather, the Court held:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly

relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id. at 480 (internal citation omitted).

The Court stated that the prejudice prong of the test was similar to that applicable when a defendant alleges that counsel deficiently advised him to plead guilty rather than proceed to trial. Id. at 485-86 (citing Hill v. Lockhart, 474 U.S. 52 (1985)). That is, the defendant must show through objective evidence that, but for counsel's errors, there is a reasonably probability that he would have appealed. Id. The court must consider all of the facts of the particular case in making this determination. However,

> evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination. We recognize that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal. But, while the performance and prejudice prongs may overlap, they are not in all cases coextensive. To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.

Id. at 485-86 (internal citations omitted).

6

Case 2:05-cv-00525-LA   Filed 03/29/06   Page 6 of 10   Document 12

### III. DISCUSSION

I deny the motion without a hearing.

First, petitioner offers absolutely no specifics on when or how he allegedly requested counsel file a notice of appeal. In fact, he never plainly states that he told her to do so. Nor did he file an affidavit supporting his claim. It is true that petitioner's form motion was signed under penalty of perjury. (R. 1 at 13.) But the motion contains no statement of facts that could take the place of an affidavit; it states only: "Counsel was ineffective for failing to file a notice of appeal at petitioner's request." (R. 1 at 5.) In the section provided for a statement of supporting facts, the motion refers the court to petitioner's supporting memorandum of law, which similarly contains no factual support. Rather, the memorandum states, in the argument section: "In the instant case, petitioner's counsel was ineffective for not filing a notice of appeal at petitioner's request." (R. 2 at 3.) It then proceeds to cite various cases on the issue, never again discussing the facts of this case.

"[I]n order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (internal citations and quote marks omitted). Because petitioner "presented no detailed and specific affidavit, merely bare allegations[,] he cannot meet the threshold requirement for securing an evidentiary hearing." Id. The Seventh Circuit has also repeatedly held, in the related context of ineffective assistance in foregoing trial and pleading guilty, that

> "a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting United States v. Arvanitis, 902 F.2d 489,

7

494 (7th Cir. 1990)). [The petitioner] must establish through objective evidence that a reasonable probability exists that he would have gone to trial. McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996).

Berkey v. United States, 318 F.3d 768, 772-73 (7th Cir. 2003). Again, in the present case, like Berkey, petitioner "has offered no evidence that he would have presented had an evidentiary hearing taken place." Id. at 773. He presents no affidavit from himself or anyone else suggesting that he told his lawyer to appeal.

Second, even after the government presented specific evidence rebutting his bald allegation, petitioner provides no specifics in his reply. Indeed, petitioner does not even deny what counsel says. Nor, despite stating that the letter confirming his desire not to appeal was "purportedly dated 3/20/04 [sic]" (R. 11 at 2), does he deny that he received the letter or in any way challenge its contents. The court may, on the § 2255 analog to summary judgment, deny a claim when the prisoner fails to present evidence creating a specific dispute as to a material fact. See Taylor, 287 F.3d at 661. By failing to present any contrary evidence, or even to deny counsel's version of events, petitioner has failed to raise a genuine issue of material fact. Cf. Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 402-03 (7th Cir. 1998) ("Once the party seeking summary judgment has made the preliminary showing that the facts as it believes them to be compel judgment in its favor, the party opposing summary judgment must point to some evidence in the record that establishes a pending dispute of material fact. If it has failed to do so, and the proposed facts entitle the movant to judgment as a matter of law, then the court is obliged to grant summary judgment in favor of the movant[.]") (internal citations omitted).

Finally, the record strongly supports counsel's statement that petitioner decided not to appeal. Petitioner pleaded guilty and preserved no issues for appellate review under

8

Fed. R. Crim. P. 11(a)(2). He then entered into an agreement with the government regarding his sentence, which both I and Judge Randa followed. Petitioner nowhere alleges that he entered his pleas or into the sentencing agreement unintelligently or involuntarily. Nor does he identify the issues he wanted to appeal. While petitioner is not required to present a winning appellate issue to show prejudice, the fact that he had no non-frivolous issues for appeal supports the government's position as to counsel's performance. See Flores-Ortega, 528 U.S. at 480, 485-86. To the extent that petitioner may be alleging a violation of his Sixth Amendment rights based on the fact that he did not waive his right to appeal, or on counsel's failure to file an Anders brief (R. 2 at 4-5), his claim fails. Counsel has no duty to file a notice of appeal in every case or even to consult with the defendant about an appeal in every case. See Flores-Ortega, 528 U.S. at 478. Certainly, there is no duty to undertake the no merit procedure in every case absent an appeal waiver on the record.

Therefore, under all of the circumstances, I conclude that petitioner has not presented sufficient evidence to warrant an evidentiary hearing. He fails to specifically allege that he told counsel to appeal, and the undisputed evidence submitted by the government, bolstered by the record, clearly demonstrates that petitioner did not request his lawyer file a notice.

Because petitioner did not appeal, he procedurally defaulted his claim regarding delegation of restitution payment collection to the BOP. See United States v. Frady, 456 U.S. 152, 167 (1982). Procedural default may be excused if the petitioner can show good "cause" for the failure to appeal and actual prejudice based on the court's failure to review the claim. The only "cause" petitioner offers for his default is the alleged failure of his

9

counsel to file an appeal. Thus, his claim fails. Petitioner fails to develop any argument that counsel was ineffective in any other respect regarding this claim.[2] For this reason as well, the claim fails. See United States v. Manjarrez, 258 F.3d 618, 626 n.4 (7th Cir. 2001) (holding that undeveloped arguments are waived).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED** pursuant to Rule 8 of the Rules Governing § 2255 Proceedings, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2006.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2] I also note the petitioner likely waived this claim by specifically requesting the payment arrangement contained in the judgment. To the extent that petitioner may be asking the court to modify the payment schedule under 18 U.S.C. § 3664(k), he presents no evidence of a material change in his economic circumstances supporting a change. Nor does he state that the BOP is collecting more of his prison wages than he requested at the sentencing hearing.

10